UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JENNIFER LATOWSKI,

        Plaintiff,                            Case No. 11-cv-11086

v                                                    Honorable Thomas L. Ludington

NORTHWOODS NURSING CENTER,

        Defendant.
_____/

## ORDER GRANTING MOTION TO STAY PROCEEDINGS

In February 2014, the Sixth Circuit Court of Appeals reversed in part this Court's order granting summary judgment to Defendant Northwoods on all of Plaintiff Latowski's claims. Specifically, the Sixth Circuit reversed the grant of summary judgment on Latowski's Pregnancy Discrimination Act claim and remanded for further proceedings. In accordance with the Sixth Circuit's mandate, this Court issued an order reopening the case and providing a scheduling order. *See* ECF No. 50.

On April 10, 2014, Northwoods filed a Motion to Stay Proceedings. Northwoods notes that there is a petition for writ of certiorari pending before the United States Supreme Court in a similar case—*Young v. United Parcel Service, Inc.*, No. 12-1226. Northwoods asserts that, if the Supreme Court were to grant certiorari in *Young*, the outcome of that case would be dispositive on the instant proceedings in this Court. Northwoods explains that, for purposes of Latowski's Pregnancy Discrimination Act claim, "the [Sixth Circuit], relying on *Ensley-Gaines*,[1] held that the relevant question is not whether the plaintiff and comparator employees were similarly situated in all respects but whether they were similarly situated 'in their ability to work.'" Mot. to

---

[1] *Ensley-Gaines v. Runyon*, 100 F.3d 1220 (6th Cir. 1996).

Stay 3-4, ECF No. 52. However, the Fourth Circuit expressly disagreed with *Ensley-Gaines*'s analysis, instead following the conclusions of three other circuits: "[I]t is unsurprising that no other circuit has followed *Ensley-Gaines*. We are similarly compelled to disagree with its analysis." *Id.* at 7.

Thus, Northwoods contends, the Sixth Circuit's holding in *Ensley-Gaines*—which is controlling in the instant litigation—is in direct conflict with *Young* and three other circuits. And if the Supreme Court were to adopt *Young*'s holding, "it likely would invalidate *Ensley-Gaines*, and thus the Sixth Circuit's holding in this matter. According to Northwoods, staying the proceedings in this case until the Supreme Court has made a decision in *Young* would avoid wasting time and resources. The Court agrees that judicial economy would be best served by entering a stay in the instant litigation.

Accordingly, it is **ORDERED** Defendant's Motion to Stay Proceedings (ECF No. 51 and 52) is **GRANTED**.

It is further **ORDERED** that this matter is **STAYED** pending the Supreme Court's decision to grant or deny certiorari in *Young v. United Parcel Service, Inc.*, No. 12-1226.

It is further **ORDERED** that the parties are **DIRECTED** to notify the Court when the Supreme Court has reached a decision regarding a grant or denial of certiorari in *Young v. United Parcel Service, Inc.*, No. 12-1226.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: April 23, 2014

- 3 -

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 23, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS